UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 75.25.116.149,<br><br>Defendant. | Case No. 26-cv-00155-NW<br><br>**ORDER GRANTING EX PARTE MOTION FOR EXPEDITED DISCOVERY**<br><br>Re: ECF No. 7 |

Plaintiff Strike 3 Holdings, LLC ("Strike 3"), seeks leave to serve a subpoena to discover the identity of defendant "John Doe," who allegedly has shared Strike 3's copyrighted pornographic films without authorization. Strike 3 knows the Internet Protocol ("IP") address used to distribute the videos, but only the Internet Service Provider ("ISP") associated with that address (in this instance, AT&T) can determine the account holder to which that address was assigned. Although there is no certainty that the "John Doe" account holder is the person who engaged in the allegedly wrongful distribution, Strike 3's allegations are sufficiently plausible to permit discovery as to the account holder's identity.

## I. DISCUSSION

### A. Strike 3's Litigation History

As some courts in this District have done, before turning to the merits of the application, the Court believes that an overview of Strike 3's litigation history would provide useful context for the Doe Defendant or any other party who may receive this Order. *See, e.g., Strike 3 Holdings, LLC v. Doe*, No. 24-CV-00989-EJD, 2024 WL 1354465, at *2 (N.D. Cal. Mar. 29, 2024). Especially given the informational disparity and matrix of undesirable options facing an ISP subscriber served with such a complaint, this context will hopefully reduce the prejudice that

United States District Court<br>Northern District of California

individual may face.

Strike 3 has been labeled by some as a "copyright troll" that files extortive lawsuits. *Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160, 161 (D.D.C. 2018), *rev'd and remanded*, 964 F.3d 1203, 1205 (D.C. Cir. 2020). In its detractors' view, Strike 3 profits from "the nexus of antiquated copyright laws, paralyzing social stigma, and unaffordable defense costs." *Ingenuity 13 LLC v. Doe*, 2013 WL 1898633, at *1 (C.D. Cal. May. 6, 2013). The supposed scheme works like this: Strike 3 identifies thousands of IP addresses per year that uploaded its copyrighted material. *Strike 3*, 351 F. Supp. 3d at 162 (summarizing many cases). It then files thousands of functionally identical lawsuits (including many in this District) and routinely seeks leave to subpoena the subscriber's information from the ISP. *See, e.g., Strike 3 Holdings, LLC v. Doe*, No. 22-cv-08977-RS (N.D. Cal. Jan. 24, 2023); *Strike 3 Holdings, LLC v. Doe*, No. 22-cv-05160-RS, 2022 WL 5007963 (N.D. Cal. Oct. 4, 2022); *Strike 3 Holdings, LLC v. Doe*, No. 22-cv-05088-LB, 2022 WL 4467684 (N.D. Cal. Sept. 27, 2022); *Strike 3 Holdings, LLC v. Doe*, No. 22-cv-04577-MMC (LB), 2022 WL 4021841 (N.D. Cal. Sept. 2, 2022). When Strike 3 succeeds, the subscriber learns he or she is being sued for uploading pornography. To avoid embarrassment, the subscriber usually settles for just less than the cost of defending the suit. Their alternative is to pay high legal fees for a specialist in copyright law and hope the court lets them proceed anonymously. If a defendant does put up any fight, the company usually drops the case. *See Strike 3*, 351 F. Supp. 3d at 162 ("These serial litigants drop cases at the first sign of resistance, preying on low-hanging fruit and staying one step ahead of any coordinated defense.").

In response to such characterizations, Strike 3 alleges that it does not seek to force anyone to settle unwillingly, especially anyone that is innocent. Mot. at 3. Strike 3 insists it only files strong cases against extreme infringers who not merely engage in illegal downloading, but who are also largescale unauthorized distributors of Strike 3's content. *Id.* Strike 3 asserts it does not send demand letters or seek settlements unless initiated by a defendant or a defendant's counsel. *Id.* Strike 3 expressly "welcomes" an order "establishing procedural safeguards such as allowing a defendant to proceed anonymously." *Id.* at 12-13.

United States District Court
Northern District of California

United States District Court
Northern District of California

**B.      Merits**

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice.  Fed. R. Civ. P. 26(d).  Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" in support of early discovery.  *See, e.g., 10 Grp., Inc. v. Does 1-65*, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-77 (N.D. Cal. 2002).  "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Semitool*, 208 F.R.D. at 276.

Strike 3 has established that good cause exists for it to serve a third-party subpoena on Comcast, the above-referenced subscriber's internet service provider.  *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *UMG Recording, Inc. v. Doe*, No. C08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008).  Strike 3 has demonstrated that (1) it can identify the defendant with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court, (2) it has identified previous steps taken to locate the elusive defendant, (3) its action against the defendant could withstand a motion to dismiss, and (4) there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.  *See Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).  At this stage of these proceedings, and upon the record presented, Strike 3 properly may serve discovery to ascertain the defendant's identity. *See generally Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1036, 1038 (9th Cir. 2018) (observing that the district court's case management order permitting "limited discovery from an Internet Service Provider to establish a potential infringer's identity" was "a sensible way to manage its dockets . . . .").

To ensure Doe is not unduly prejudiced, Strike 3 must attempt to ensure Doe knows at the earliest possible opportunity that he or she can proceed anonymously, as ordered below.

**C.      Protective Order**

Under Rule 26(c), the Court may sua sponte grant a protective order. *see also Strike 3*

*Holdings, LLC v. Doe*, No. CV 17-07051-LB, 2018 WL 357287, at \*3 (N.D. Cal. Jan. 10, 2018*).* Because the ISP subscriber(s) may not be the individual(s) who infringed Plaintiff's copyright, and because of the potential embarrassment associated with being publicly accused of illegally downloading adult motion pictures, the Court issues a limited protective order in this case: To the extent that the ISP releases any name or other personal identifying information regarding Defendant to Plaintiff, such information shall be treated as confidential and shall not be publicly disclosed until Defendant has had the opportunity to file a motion with this Court to proceed anonymously and the Court has ruled on that motion.

If Defendant fails to file a motion for leave to proceed anonymously within 30 days after his or her information is disclosed to Plaintiff, this limited protective order will expire

**II.     CONCLUSION**

Based on the foregoing, the Court GRANTS Strike 3s Ex Parte Application with respect to Defendant Doe, Subscriber Assigned IP Address 75.25.116.149, as follows:

1.     Within 21 days of this Order, Plaintiff may serve AT&T with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant John Doe to whom the ISP assigned an IP address as detailed in complaint and as listed in the case caption.  Plaintiff shall attach a copy of this Order to any such subpoena.

2.     Plaintiff may only use the information disclosed in response to its subpoena for the purpose of protecting and enforcing its rights as set forth in the Complaint.  Strike 3 may not publicly disclose the information obtained from its subpoena without leave of this Court.  All references to the Doe Defendant's identity shall be redacted and filed under seal until further notice.

3.     AT&T and the subscriber shall have 30 days from the date of service upon him, her or it to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena).  If the 30-day period after service on the subscriber lapses without the subscriber or AT&T contesting the subpoena, AT&T shall have 10 days to produce to Plaintiff the information responsive to the subpoena with respect to that subscriber.

4.     AT&T must preserve any subpoenaed information pending the resolution of any

United States District Court
Northern District of California

4

timely filed motion to dismiss.

**IT IS SO ORDERED.**

Dated: January 23, 2026

_____
Noël Wise
United States District Judge

United States District Court
Northern District of California